UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN WILLIAM JOHNSON,

    Plaintiff,

v.

SPEARMAN, et al.,

    Defendants.

No. 2:19-cv-1093 JAM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff is a former state prisoner, proceeding without counsel. In addition to the warden, plaintiff also named fellow inmates and John Does as defendants in plaintiff's amended complaint. By separate order, service of process was ordered on defendant Spearman. The court addresses the claims against the remaining defendants herein.

I. <u>Inmate Defendants</u>

    Plaintiff names as defendants the inmates who allegedly assaulted plaintiff on May 27, 2018. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>

1

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Defendants Newman, Threadgill, and Helgeson were prison inmates. Plaintiff includes no allegations demonstrating that such defendants acted under color of state law. Plaintiff alleges such defendants attacked plaintiff based on racially motivated hate, but such allegations fail to demonstrate they were state actors. Thus, such inmate defendants must be dismissed.

II. John Doe Defendants

Although plaintiff initially states that defendants John Does 1 to 4 "are prison inmates" (ECF No. 13 at 2), plaintiff's allegations make clear that he intends to name the correctional officers who allegedly failed to protect plaintiff during the May 27, 2018 attack (ECF No. 13 at 3). Plaintiff provides specific allegations that would assist in identifying such officers. As plaintiff was previously informed, service of process on such defendants cannot be accomplished until plaintiff obtains the names of such John Doe defendants. Thus, once service of process on defendant Spearman has been accomplished, plaintiff should seek leave of court to conduct limited discovery to identify the true identities of such John Doe defendants as soon as possible.[1]

////

---

[1] See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. See also Fed. R. Civ. P. 4(m).

IT IS HEREBY ORDERED that following service of process on defendant Spearman, plaintiff shall promptly move to conduct limited discovery to identify the defendants named as John Does 1 to 4.

Further, IT IS RECOMMENDED that defendants Newman, Threadgill, and Helgeson be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1093.56