UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIAM JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SPEARMAN,<br><br>    Defendant. | No. 2:19-cv-1093 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

    Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 16, 2020, defendant filed a motion to dismiss plaintiff's amended complaint.  Plaintiff did not file an opposition.

    On April 10, 2020, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

1    The thirty-day period has now expired and plaintiff has not responded to the court's order.

2    Previously, on December 12, 2019, plaintiff was ordered to promptly move to conduct

3    limited discovery to identify the defendants named as John Does 1 to 4; plaintiff failed to do so.

4    "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

5    action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

6    1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

7    court order the district court must weigh five factors including: '(1) the public's interest in

8    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

9    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

10   and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting

11   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

12   F.3d 52, 53 (9th Cir. 1995).

13   In determining to recommend that this action be dismissed, the court has considered the

14   five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal

15   of this action. The action has been pending for almost one year, and defendant has filed a motion

16   to dismiss that is well-taken. Plaintiff's failure to comply with the Local Rules and the court's

17   April 10, 2020 order suggests that he has abandoned this action and that further time spent by the

18   court thereon will consume scarce judicial resources in addressing litigation which plaintiff

19   demonstrates no intention to pursue.

20   Under the circumstances of this case, the third factor, prejudice to defendant from

21   plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the

22   motion prevents defendant from addressing plaintiff's substantive opposition, and would delay

23   resolution of this action, thereby causing defendant to incur additional time and expense.

24   The fifth factor also favors dismissal. The court has advised plaintiff of the requirements

25   under the Local Rules and granted ample additional time to oppose the pending motion, all to no

26   avail. The court finds no suitable alternative to dismissal of this action.

27   The fourth factor, public policy favoring disposition of cases on their merits, weighs

28   against dismissal of this action as a sanction. However, for the reasons set forth above, the first,

second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1093.mtd.nop