UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIAM JOHNSON,<br><br>            Plaintiff,<br><br>       v.<br><br>SPEARMAN,<br><br>            Defendant. | No. 2:19-cv-1093 JAM KJN P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On May 19, 2020, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an opposition to defendant's motion to dismiss. On June 22, 2020, plaintiff filed objections and a request to proceed with the case.  However, plaintiff did not file an opposition to the motion.  Rather, plaintiff claims his "access to the court was completely obstructed due to the COVID-19 quarantine."  (ECF No. 28 at 1.)  He complains that "it is a blatant display of the defendant's indifference" and "unfair for the defendant to file a motion in the midst of a pandemic."  (ECF No. 28 at 1, 29 at 2.)

This action was filed on June 4, 2019.  Plaintiff was paroled from prison in September of 2019.  (ECF No. 29 at 2.)  In the December 12, 2019 screening order, plaintiff was advised that he must promptly move to conduct limited discovery to identify the defendants named as John Does 1 to 4.  (ECF No. 15.)  On March 16, 2020, defendant Spearman filed a motion to dismiss as

he is allowed to do under Rule 12 of the Federal Rules of Civil Procedure. Plaintiff did not file a timely opposition or seek an extension of time to do so.

Plaintiff has failed to demonstrate his diligence since he paroled in September of 2019. The record reflects no efforts on plaintiff's part to discover the identities of the Doe defendants, and in his objections, plaintiff fails to explain what steps he has taken to prosecute this action since he paroled. Plaintiff generally claims his court access is obstructed due to the pandemic, but fails to explain what steps he has taken to prepare an opposition to defendant's motion.

While the circumstances surrounding the COVID-19 pandemic are not ideal, court actions are proceeding, and courts as well as the parties must find, and are finding, ways to adapt. Plaintiff filed this action, and it is incumbent upon plaintiff to prosecute this action.

For all of the above reasons, the court will not vacate the findings and recommendations at this time, but will grant plaintiff an extension of time to file an opposition to defendant's motion. Plaintiff is cautioned that if he fails to timely file an opposition to the motion, the pending findings and recommendations will be forwarded to the district court for review and adoption.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted sixty days in which to file an opposition to defendant's motion to dismiss.

Dated: July 6, 2020

/john1093.36

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2