1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CALVIN WILLIAM JOHNSON,                    No.  2:19-cv-1093 JAM KJN P

12                      Plaintiff,

13           v.                                  ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    SPEARMAN, et al.,

15                      Defendants.

16

17

18           Plaintiff is a former state prisoner, proceeding pro se, in an action brought under 42

19    U.S.C. § 1983.  Defendant Spearman, the only individual defendant identified who has appeared

20    in this action, filed a motion to dismiss, and recommendations that the motion be granted remain

21    pending.  On September 24, 2020, plaintiff filed a motion for order requesting leave to seek the

22    identity of Doe defendants by written deposition.  (ECF No. 34.)  Defendant Spearman opposes

23    the motion, and plaintiff filed a reply.  As discussed below, the undersigned recommends that

24    plaintiff's motion be denied, and because plaintiff has not timely identified an individual and

25    sought to timely substitute such individual for his or her "John Doe" cause of action, the Doe

26    defendants should be dismissed without prejudice.

27    ////

28
                                                    1

1    Background

2         By order filed December 19, 2019, plaintiff's amended complaint was screened, and

3    plaintiff was informed that although he had adequately pled facts against multiple Doe

4    defendants, [1] once defendant Spearman was served, plaintiff "should seek leave of court to

5    conduct limited discovery to identify the true identities of such John Doe defendants <u>as soon as</u>

6    <u>possible</u>." (ECF No. 15 at 2 (emphasis added).)  Plaintiff was ordered to "<u>promptly</u> move to

7    conduct limited discovery to identify the defendants named as John Does 1 to 4." (ECF No. 15 at

8    3 (emphasis added).)

9    Governing Standards

10        Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices,

11   governs whether new defendants may be added and if so, whether the claims against them would

12   relate back to the filing of the initial complaint.  Plaintiff was required to promptly move pursuant

13   to Rule 15 to file an amended complaint to add subsequently-identified individuals as defendants.

14   <u>See</u> <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (Brass failed to seek

15   leave of court to add new defendants or to file an amended complaint).  If the timing of an

16   amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the

17   requirements of Rule 15(c), which is the controlling procedure for adding defendants whose

18   identities were discovered after commencement of the action.[2]

19   ////

20   ////

21   [1]  Plaintiff alleges that while housed at High Desert State Prison on May 27, 2018, plaintiff
22   suffered an unprovoked attack by three inmates due to their racially motivated hate. (ECF No. 13
     at 3.)  Plaintiff claims that various correctional officers tasked with watching the yard failed to
23   intervene, allowing the attack to continue for about three to five minutes, never hitting their
     personal emergency alarms.  The attack continued until another inmate arrived and caused the
24   three white inmates to stop the attack.  Plaintiff suffered multiple abrasions to his face and body,
     as well as a broken left leg caused by the inmates' repeated stomping.
25

26   [2]  In addition, Rule 4(m) provides:  "If a defendant is not served within 90 days after the
     complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss
27   the action without prejudice against that defendant or order that service be made within a
     specified time.  But if the plaintiff shows good cause for the failure, the court must extend the
28   time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Discussion

Here, as argued by defendant Spearman, the record reflects much delay by plaintiff and no diligence in terms of attempting to identify the Doe defendants.  Plaintiff, proceeding pro se, filed this action on June 4, 2019, and states he has been paroled since September of 2019.  (ECF No. 29 at 2.)  Despite the court's December 12, 2019 order to plaintiff that following service of process on defendant Spearman, plaintiff must act "as soon as possible" and "promptly," plaintiff failed to do so.  Defendant Spearman filed his waiver of service on February 14, 2020.  (ECF No. 21.)  Plaintiff did not seek leave to pursue discovery.  Defendant Spearman filed a motion to dismiss on March 16, 2020.  Plaintiff still did not seek leave to pursue discovery.  Moreover, plaintiff did not oppose the motion to dismiss.  On April 10, 2020, plaintiff was granted an additional thirty days in which to oppose the motion, which he again did not do.  On May 19, 2020, the undersigned recommended that the action be dismissed based on plaintiff's failure to oppose the motion.  On June 22, 2020, plaintiff filed objections, claiming only that his "ability to access the court was completely obstructed due to the Covid-19 quarantine," without any specifics, and appended no opposition to the motion.  (ECF No. 28 at 1.)  On July 6, 2020, due to plaintiff's lack of diligence, the court found that the findings and recommendations would remain pending, but granted plaintiff sixty days in which to oppose the motion.  (ECF No. 31 at 2.)  Plaintiff again failed to file a timely opposition.  Rather, on September 14, 2020, defense counsel filed a declaration noting plaintiff served on counsel an opposition and motion seeking leave to conduct written deposition, which counsel received on or about September 8, 2020, but was not on the court docket.  (ECF No. 32.)  Ten days later, plaintiff's untimely opposition and motion were filed on the court docket, despite both documents being signed by plaintiff on August 16, 2020, and allegedly mailed and served on August 16, 2020.  This record amply demonstrates plaintiff's lack of diligence in attempting to identify the Doe defendants, as well as his own role in delaying this case.

Moreover, the record supports a finding that plaintiff is not acting in good faith. Plaintiff's claim that "despite plaintiff's attempts, the defendant has thoroughly evaded plaintiff's efforts to identify the Doe defendants," is contradicted by the court record and is simply not true.

(ECF No. 33 at 1.)  Indeed, plaintiff sets forth no efforts he has taken to identify the Doe defendants prior to filing his motion in September of 2020.  In addition, aside from his claim in June that his access to the court was obstructed by the pandemic (despite being on parole), plaintiff offers no explanation for his failure to earlier seek such discovery.[3]  In addition, plaintiff does not explain his repeated failures to timely comply with court orders.

Finally, as argued by defendant, plaintiff's untimely motion for leave to seek the identity of the Doe defendants through a written deposition is ineffective because plaintiff failed to provide his proposed written deposition questions so that defendant could address, and the court could evaluate and determine, relevance and other issues.  Instead, plaintiff seeks yet another delay -- he requests an additional 45 days in which to draft his deposition questions.  (ECF No. 34 at 1.)[4]  Plaintiff then claims he "will report back to this court and proceed to prosecute his cause of action which may include filing an amended complaint."  (Id.)

On this record, the undersigned finds no good cause to grant plaintiff additional time in which to draft deposition questions in a long overdue effort to identify individuals named as John Does in plaintiff's August 8, 2019 amended complaint.  Defendant filed his motion to dismiss on March 16, 2020; thus, plaintiff has had over six months to seek leave to discover the identity of the Doe defendants, yet failed to do so.  In addition, plaintiff's original complaint was filed on June 4, 2019, and plaintiff identifies no steps he has personally taken in an effort to identify such Doe defendants.  For example, plaintiff could have requested a copy of the incident report from the 2018 attack, or any rules violation report resulting from the attack.

Moreover, in light of plaintiff's continued failure to timely comply with court orders, his unexplained delays in this action, including his unexplained delay in attempting to identify the

---

[3]  Plaintiff's objection that the court has not issued a discovery cut-off date is not relevant.  (ECF No. 37 at 3.)  Rather, it is the court's December 12, 2019 order that put plaintiff on notice of his obligation to identify the Doe defendants without delay.  It is plaintiff's obligation to timely identify individuals named as defendants in a civil rights complaint.

[4]  Plaintiff, who is proceeding in forma pauperis, also failed to demonstrate he has obtained, or could obtain, an officer, and paid or could pay for the officer to take the deponent's testimony and complete the other obligations required of such an officer.  See Fed. R. Civ. P. 31(b).

Doe defendants, it appears that dismissal of the John Doe defendants is appropriate.  See Fed. R. Civ. P. 4(m), 15(c); see also Becker v. Oregon, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted); Velazquez-Martinez v. Colon, 961 F. Supp. 362 (D. P.R. 1997) (court dismissed sua sponte "Doe" defendants when complaint was submitted 18 months earlier, and plaintiffs did not since that time substitute fictitious defendants to be able to serve summons); Clark v. McMillin, 932 F. Supp. 789 (S.D. Miss. 1996) (John Doe defendant dismissed after failure to amend to identify and name defendant during nine months case was pending and following completion of discovery); Hinton v. Teamsters Local Union No. 891, 818 F. Supp. 939, 940 n.1 (N.D. Miss. 1993); Carmona Pacheco v. Betancourt Y Lebron, 820 F. Supp. 45, 46 (D. P.R. 1993) (dismissed action against John Doe defendants not served within 120 days); DeHoyos v. John Mohr & Sons, 629 F. Supp. 69, 83-84 (N.D. Ind. 1984).  See also Buck v. Boeing Co., 103 F.3d 137 (9th Cir. 1996) (ignorance of rules is insufficient to show good cause to excuse one's failure to effect service).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 34) is denied.

Further, IT IS RECOMMENDED that the defendants named as John Does 1 - 4 be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 17, 2020

/john1993.Doe.dm

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE