UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIAM JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SPEARMAN, et al.,<br><br>   Defendants. | No. 2:19-cv-1093 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. On May 19, 2020, the undersigned recommended that this action be dismissed based on plaintiff's failure to oppose defendant Spearman's pending motion to dismiss and failure to prosecute this action. Plaintiff filed objections, and subsequently filed an opposition to the motion to dismiss. The findings and recommendations are vacated.

As discussed below, the undersigned recommends that defendant's motion be granted.

I. Background

On July 11, 2019, plaintiff's complaint was dismissed and he was granted leave to amend. Plaintiff filed an amended complaint on August 8, 2019, naming the warden and three other defendants, as well as other defendants identified as John Does.[1] (ECF No. 13.) On September

---

[1] Defendants Newman, Threadgill and Helgeson, all prison inmates, were dismissed on February 6, 2020. (ECF No. 20.) The Doe defendants were dismissed on January 26, 2021. (ECF No. 39.)

1

1    12, 2019, plaintiff notified the court of his release from prison.  (ECF No. 14.)  On December 12,
2    2019, the undersigned ordered service of process on defendant Spearman.
3        On March 16, 2020, defendant filed a motion to dismiss defendant Spearman from
4    plaintiff's amended complaint, alleging that plaintiff failed to allege any facts demonstrating the
5    warden's personal involvement in the alleged attack.  (ECF No. 22.)  Plaintiff filed an opposition.
6    (ECF No. 33.)  Defendant Spearman filed a reply.  (ECF No. 35.)
7    II.  Motion to Dismiss:  Legal Standards
8        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for
9    "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In
10   considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court
11   must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89
12   (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.
13   McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.
14   1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more
15   than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a
16   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
19   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
20   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
21   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556
22   U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes
23   of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,
24   896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  The court "need not accept as true allegations
25   contradicting documents that are referenced in the complaint or that are properly subject to
26   judicial notice."  Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).
27       A motion to dismiss for failure to state a claim should not be granted unless it appears
28   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Civil Rights

To state a civil rights claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In sum, plaintiff must identify the particular person or persons who violated his rights, set forth specific factual allegations as to how such person violated plaintiff's rights, and identify the relief he seeks that is available under 42 U.S.C. § 1983.

IV. Plaintiff's Amended Complaint

Plaintiff alleges the following. Plaintiff was attacked by other inmates on May 27, 2018, while housed at High Desert State Prison ("HDSP"), and sustained a broken left leg and various abrasions. (ECF No. 13 at 3.) Defendant Spearman, Warden at HDSP, "is ultimately responsible for the safety of the inmates under his care and custody." (ECF No. 13 at 4.) Defendant Spearman is liable because "Spearman's culpable inaction in the training, supervision and control of his subordinates was a cause of the plaintiff's injuries." (Id.) The inactions of the unidentified defendants, along with Spearman's deprivations, "were objectively and sufficiently serous and

1  resulted in the minimal civilized measures of life's necessities, including the legal obligations to

2  protect plaintiff's health and safety." (ECF No. 13 at 4.)  Plaintiff seeks money damages.

3  V.  Discussion

4      As set forth above, in order to state a cognizable § 1983 claim, plaintiff must allege facts

5  demonstrating a violation of his Constitutional rights, and that the alleged violation was

6  committed by a person acting under the color of state law.  See West, 487 U.S. at 48.  "'[P]rison

7  officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'"

8  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship,

9  842 F.2d 556, 558 (1st Cir. 1988)).

10      "The failure of prison officials to protect inmates from attacks by other inmates may rise

11  to the level of an Eighth Amendment violation when:  (1) the deprivation is 'objectively,

12  sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting

13  with deliberate indifference."  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting

14  Farmer, 511 U.S. at 834).  The second prong of this test is subjective, and "the official must both

15  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

16  exists, and he must also draw the inference."  See Farmer, 511 U.S. at 837.  "'Deliberate

17  indifference entails something more than mere negligence but is satisfied by something less than

18  acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'"

19  Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 835) (internal alterations omitted).  "[A]n

20  official's failure to alleviate a significant risk that he should have perceived but did not, while no

21  cause for commendation, cannot under [the Supreme Court's] cases be condemned as the

22  infliction of punishment."  Farmer, 511 U.S. at 838.

23      Here, plaintiff focuses on the warden's alleged failure to protect plaintiff from the

24  inmates' attack on May 27, 2018.  But other than plaintiff's conclusory statements that the

25  warden was "ultimately responsible" and "failed to train" unidentified prison staff, plaintiff

26  identifies no facts connecting defendant Spearman to the May 27, 2018 attack.  In his opposition,

27  plaintiff now appears to claim that defendant Spearman either "set in motion a series of acts or

28  inactions which Spearman should have known would cause injury, or acquiesced in the

4

constitutional deprivations by his subordinates. (ECF No. 33 at 2.) But plaintiff provides no facts to support such statements. Rather, he argues that a reasonable inference may be drawn that the unidentified correctional officers did not receive proper training or supervision. But that assertion is not the standard this court is required to apply. As argued by defendant, plaintiff's conclusory statements are insufficient under Iqbal. Plaintiff fails to state a plausible claim for Eighth Amendment relief against defendant Spearman because plaintiff does not include any "further factual enhancement" to describe how, when, or whether defendant Spearman was personally aware that plaintiff faced a substantial risk of serious harm. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); Hansen, 885 F.2d at 646 ("Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability."). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's reliance on Velasquez v Senko, 643 F. Supp. 1172, 1179 (N.D. Cal. 1986), is unavailing because Velasquez is distinguishable on its facts. (ECF No. 33 at 2.) Velasquez addressed a civil rights lawsuit against the Immigration and Naturalization Service ("INS"), Border Patrol, and local police. Id. at 1174. The court rejected a motion to dismiss under Rule 8(a), finding that "the instant complaint in no way compares to . . . amorphous pleadings; it describes in considerable detail seven separate operations of the INS and Border Patrol that were allegedly planned or executed by certain of the defendants and that allegedly violated specified statutory and constitutional rights." Id. at 1178-79. Plaintiff's reliance on Velasquez misses the deficiency in plaintiff's complaint. Unlike the complaint in Velasquez, plaintiff's complaint does

not contain "considerable detail" about plaintiff's claims against defendant Spearman. Plaintiff's complaint consists of only conclusory allegations against the defendant, and lacks any facts demonstrating a link or connection to defendant Spearman other than his supervisorial role as warden.

Based on the above, defendant's motion to dismiss should be granted.

## VI. Leave to Amend

Plaintiff has had an opportunity to amend his complaint to include factual allegations as to defendant Spearman. (ECF No. 10 (providing governing standards).) In his opposition to the motion to dismiss, plaintiff provided no new facts that would state a cognizable claim against defendant Spearman. Therefore, it appears that plaintiff cannot identify facts demonstrating defendant Spearman's personal involvement in the May 27, 2018 attack at HDSP, and further leave to amend would be futile.

## VII. Order and Recommendations

Accordingly, IT IS HEREBY ORDERED that the May 19, 2020 findings and recommendations (ECF No. 27) are vacated.

Further, IT IS RECOMMENDED that:

1. Defendant Spearman's motion to dismiss (ECF No. 22) be granted; and

2. This action be dismissed with prejudice as to defendant Spearman.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2021

/john1093.mtd.12b6

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE